**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

IN RE:                                                              CASE NO.: 12-27568-AJC

**ERIK X. ALONSO**                                        Chapter 7

_____**Debtor.**/

**TRUSTEE'S MOTION TO APPROVE STIPULATION FOR
COMPROMISE AND SETTLEMENT REGARDING VALUATION
AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS**

> Any interested party who fails to file and serve a written response to this motion within **21 days** after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.

Barry E. Mukamal, the Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of **ERIK X. ALONSO** (the "Debtor"), moves, pursuant to Bankruptcy Rule 9019, and Local Rules 9013-1(D), to approve the Stipulation for Compromise and Settlement (the "Settlement") entered into by and between the Trustee and the Debtor. In support of this motion (the "Motion"), the Trustee states as follows:

**Background and Jurisdiction**

1.    On **July 23, 2012** (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. Barry E. Mukamal was appointed as Chapter 7 Trustee.

2.    The Trustee has evaluated the Debtor's schedules, examined the Debtor, and had the Debtor's assets appraised.

3.    As a result of the foregoing, the Trustee identified several items of non-exempt assets including, but not limited to, personal property located at the Debtor's residence,

1

unaccounted for insurance proceeds, cash in bank accounts, personal property located at the Debtor's business, cash in corporate bank accounts, and fraudulent transfer claims against the Debtor's spouse (collectively, the "Property").

4. The Trustee asserts that the value of the Property exceeds the Debtors' allowable exemptions and further asserts that there may be bases to object to the Debtor's discharge.

5. The Debtor disputes the Trustee's valuation and his ability to object to discharge.

6. However, in an effort to avoid the high cost and uncertainty of litigation agreed to enter into a settlement with the Trustee under which the Debtor will pay into the estate the sum of $50,000. The details of the analysis and agreement are set forth in the Settlement Agreement and Release, attached hereto as **Exhibit "A".**

## Legal Standard for Settlement

7. Bankruptcy Rule 9019 (a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

8. As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)* 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.,* 98 F. 2d 599 (2d Cir. 1938), cert denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

---

[1] *Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for the Southern District of Florida permits, inter alia, relief without a hearing for motions to approve settlement.*

9. The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.,* 762 F.2d 189; *Cosoff v. Roddman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2d Cir.), cert denied, 464 U.S. 822 (1983)).

10. According to the Unites States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

    (a)    the probability of success in litigation;
    (b)    the difficulties, if any, to be encountered in the matter of collection
    (c)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
    (d)    the paramount interest of the creditors and a proper defense to their reasonable views in the premises.

*Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air,* 85 B.R. 891.

11. The Trustee believes that the proposed settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

12. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as **Exhibit "B"**.

**WHEREFORE,** Barry E. Mukamal, as Chapter 7 Trustee, respectfully requests this Court enter an Order (1) granting the Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

## Certificate Of Service

      I hereby certify that a true and correct copy of the foregoing was mailed via U.S. regular mail (*or via e-mail through the Court's BNC) on May 17, 2013 to all interested parties on the attached service list.

Dated:  May 17, 2013                    Markowitz, Ringel, Trusty & Hartog, P.A.
                                            9130 South Dadeland Boulevard, Suite 1800
                                            Miami, FL 33156
                                            Tel:  (305) 670-5000
                                            Fax:  (305) 670-5011

                                            By:*/s/ Ross R. Hartog*
                                                  ROSS R. HARTOG
                                                  Fla. Bar No.: 272360
                                                  rhartog@mrthlaw.com

394147

*In re Erik X. Alonso.*
**Case No.: 12-27568-AJC**

**12-27568-AJC Notice will be electronically mailed to:**

Bruce M. Boiko, Esq. on behalf of Creditor University Credit Union
bboiko@shutts.com, etorres@shutts.com

Jaclyn Gonzalez on behalf of Trustee Barry E Mukamal
jgonzalez@mrthlaw.com, jgarey@mrthlaw.com;mrthbkc@gmail.com

Ross R Hartog on behalf of Trustee Barry E Mukamal
rhartog@mrthlaw.com,
ycandia@mrthlaw.com;ecfnotices@mrthlaw.com;areisino@mrthlaw.com;gruiz@mrthlaw.com;jgarey@mrthlaw.com;mrthbkc@gmail.com

Amber M Kourofsky on behalf of Creditor OneWest Bank, FSB
bkfl@albertellilaw.com

Barry E Mukamal
bankruptcy@marcumllp.com, FL64@ecfcbis.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Ashley Prager Popowitz on behalf of Creditor Bankruptcy Receivables Management
apopowitz@lslawfirm.net, zshelomith@lslawfirm.net

Ashley Prager Popowitz on behalf of Plaintiff BRM Recovery Services Inc.
apopowitz@lslawfirm.net, zshelomith@lslawfirm.net

Gavin N Stewart on behalf of Creditor OneWest Bank, FSB
BKFL@albertellilaw.com

Peter Wizenberg on behalf of Debtor Erik X Alonso
peter@wizenberglaw.com

Peter Wizenberg on behalf of Defendant Erik X Alonso
peter@wizenberglaw.com

**12-27568-AJC Notice will be mailed via US Mail to:**

Attached Matrix

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-1<br>Case 12-27568-AJC<br>Southern District of Florida<br>Miami<br>Tue May 14 12:13:10 EDT 2013 | BMW Bank of North America, Inc<br>c/o Ascension Capital Group<br>POB 201347<br>Arlington, TX 76006-1347 | Bankruptcy Receivables Management<br>c/o Ashley Prager Popowitz, Esq.<br>2699 Stirling Rd # C 401<br>Ft Lauderdale, FL 33312-6598 |
| OneWest Bank, FSB<br>Gavin Stewart<br>PO Box 23028<br>Tampa, FL 33623-2028 | ~~University Credit Union~~<br>~~c/o Bruce M. Boiko, Esq.~~<br>~~201 South Biscayne Blvd #1500~~<br>~~Miami, FL 33131-4328~~ | Bank of America<br>P.O. Box 851001<br>Dallas, TX 75285-1001 |
| CHASE Visa<br>P.O. Box 15153<br>Wilmington, DE 19886-5153 | Discover<br>P.O. Box 6103<br>Carol Stream, IL 60197-6103 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH  43054-3025 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | IndyMac Mortgage Services<br>2900 Esperanza Crossing<br>IndyMac - 4<br>Austin, TX 78758-3658 | IndyMac Mortgage Services<br>2900 Esperanza Crossing<br>IndyMac-20<br>Austin, TX 78758-3658 |
| MAYORS JEWELERS<br>C/O BANKRUPTCY RESOURCE MANAGEMENT<br>PO BOX 3788<br>TUSTIN CA 92781-3788 | Macy's<br>P.O. Box 183083<br>Columbus, OH 43218-3083 | Mastercard<br>P.O. Box 31279<br>Tampa, FL 33631-3279 |
| Mayor's Jewelers of Florida, Inc.<br>P.O. Box 406989<br>Atlanta, GA 30384-6989 | Mayor's Jewelers, Inc.<br>5870 North Hiatus Road<br>Fort Lauderdale, FL 33321-6424 | Michelle C. Fraga, Esq.<br>17415 South Dixie Highway<br>Miami, FL 33157-5491 |
| Nordstrom Bank<br>P.O. Box 79134<br>Phoenix, AZ 85062-9134 | Nordstrom fsb<br>P.O. Box 6566<br>Englewood, CO 80155-6566 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 |
| Santander Bank<br>Prolongacion Paseo de la Reforma 500<br>Modulo Piso 2<br>CANCUN,  MEXICO | ~~Santander Bank~~<br>~~Prolongacion Paseo de la Reforma 500~~<br>~~Modulo Piso 2~~<br>~~Cancun, 77500    MEXICO~~<br>~~MEXICO~~ | University Credit Union<br>c/o Bruce M. Boiko, Esq.<br>1500 Miami Center<br>201 South Biscayne Boulevard<br>Miami, Florida 33131-4332 |
| Vincent McManus, Esq<br>Albertelli Law<br>PO BOX 23028<br>Tampa, FL 33623-2028 | WELLS FARGO BANK, N.A.<br>ACS P.O. Box 371821<br>Pittsburgh, PA 15250-7821 | Barry E Mukamal<br>www.marcumllp.com<br>1 SE 3 Ave Box 158 10th Floor<br>Miami, FL 33131-1714 |
| Erik X Alonso<br>22056 SW 131st Place<br>Miami, FL 33170-2659 | Peter Wizenberg<br>1580 Sawgrass Corp Pkwy # 130<br>Sunrise, FL 33323-2860 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
IRS
P.O. Box 69
Memphis, TN 38101-0069
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Miami                        (u)Martin Claire                End of Label Matrix
                                Stampler Auctions               Mailable recipients    28
                                                                Bypassed recipients     2
                                                                Total                  30
```

# Exhibit "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                    Chapter 7

ERIK X. ALONSO                                              Case No. 12-27568-AJC

      Debtor.

_____/

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter the "Settlement Agreement") is made this 27-day of April, 2013, and is entered into by and between: (i) Barry Mukamal, the duly appointed Trustee for the Chapter 7 bankruptcy estate of Erik X. Alonso (the "Trustee"); and (ii) Erik X. Alonso, Debtor (the "Debtor") in the Chapter 7 bankruptcy proceedings pending in the United States Bankruptcy Court for the Southern District of Florida under Case Number 12-27568-AJC, styled *In re Erik X. Alonso* (the "Bankruptcy Case") (the Trustee and the Debtor shall sometimes collectively be referred to herein as the "Parties" or separately as a "Party").

WHEREAS, the Debtor commenced the Bankruptcy Case on July 23, 2012, by filing a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code;

WHEREAS, Barry Mukamal was appointed as Chapter 7 Trustee and is duly serving in that capacity;

WHEREAS, the Trustee conducted a review and analysis of the Debtor's books and records and conducted examinations of the Debtor, the Debtor's wife and third parties who had knowledge of the Debtor's financial condition. The Trustee also retained an inspector and conducted an appraisal of the Debtor's personal property located at his home and business.

After reviewing and analyzing the information, the Trustee asserted a demand for the turnover or the repurchase of certain non-exempt assets by the Debtor. Specifically, the Trustee asserted an interest in the following property (collectively, the "Property"):

i. Personal Property located at the Debtor's residence, valued at $16,990
ii. Unaccounted for insurance proceeds in the amount of $27,000
iii. Cash in bank account in the amount of $284.75
iv. Personal Property located at Debtor's business, valued at $4,900
v. Cash in corporate bank account in the amount of $4,192.00

WHEREAS, the Trustee also alleged potential fraudulent transfer claims against the Debtor's wife, Cristina Alonso ("Cristina") and the Debtor's mother-in-law, Juana Perez ("Perez").

WHEREAS, the Debtor challenges the Trustee's ability to object to the Debtor's entitlement to a discharge, the valuation of the Debtor's scheduled property, the Trustee's entitlement to turnover of any of the Property, the Trustee's ability to object to the Debtor's claimed exemptions, the Trustee's alleged claims against Cristina and Perez and admits no fault relating to any of the foregoing;

WHEREAS the Debtor has stated the intent to defend any such actions if brought by the Trustee and to raise affirmative defenses thereto, and

WHEREAS, in order to avoid the high costs and uncertainties of litigation related to the foregoing, the Parties, without admitting any fault or liability whatsoever to one another, desire to settle this matter amicably, have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Settlement Agreement.

NOW, THEREFORE, in consideration of the premises aforesaid and the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby stipulate and agree as follows:

1. <u>Recitals Incorporated.</u> The recitals and prefatory phrases and paragraphs set forth above are true, accurate and correct, and are incorporated in full and made a part of this Settlement Agreement.

2. <u>Settlement Payment and Release.</u>  In consideration of the Trustee releasing (i) the Trustee's objections to the Debtor's claimed exemptions, (ii) the Trustee's objections to the Debtor's discharge, (iii) the Trustee's turnover demands relating to the Debtor's non-exempt pre-petition property or property of any entity owned by the Debtor (including, without limitation, the Property); and (iv) any and all other claims and causes of action by the Trustee against the Debtor, Cristina, or Perez, the Debtor shall pay the Trustee the total sum of $50,000.00 (the "Settlement Amount") as follows: (i) by making an initial payment of $5,000.00 no later than two (2) business days after this Agreement is executed by the last party to affix their signature hereto; and (ii) by making twelve equal monthly payments in the amount of $3,750.00 each commencing on May 1, 2013 and on the first day of each of the eleven (11) successive months thereafter (or the next business day if the first day of such month is a weekend or Federal holiday).  Each such payment of the Settlement Amount shall be tendered to the Trustee's counsel and made payable to "Barry Mukamal, Chapter 7 Trustee" with a notation to the "Case No. 12-27568."

3. <u>Tax Returns.</u> The Debtor shall provide the Trustee with signed copies of (i) his 2012 and 2013 personal federal tax returns and (ii) the 2012 and 2013 federal tax return for any entity in which the Debtor owns, holds, or controls 50% of the outstanding stock, interests or other equity security.  Such returns must be provided to the Trustee no later than five (5) business days after such return is transmitted to the Internal Revenue Service.

4. <u>Bankruptcy Court Approval Required.</u>  This Agreement shall not be valid



unless and until the entry of a final order by the Bankruptcy Court approving this Settlement pursuant to Fed. R. Bankr. P. 9019. In the event the Court denies entry of such an order, this Agreement in its entirety shall be void and of no effect.

5. <u>Attorneys' Fees and Costs.</u> Each Party shall bear their own attorneys' fees and costs incurred in regard to all matters arising out of or relating to this Settlement Agreement or the Bankruptcy Case.

6. <u>Payment Default.</u> In the event that the Debtor fails to timely make the payment of the Settlement Amount to the Trustee as set forth in Paragraph 2 above, or any installment thereof, then no later than three (3) business days after such payment was due, the Trustee shall provide written notice to the Debtor that such payment has not been received. The Debtor shall have three (3) business days from the date of receipt of the written notice specified herein to cure such payment default by making the missed payment to the Trustee as required by Paragraph 2 of this Agreement. If the Debtor fails to so cure such payment default, then no later than three (3) business days thereafter, the Trustee shall provide the Debtor with written notice that the Debtor has failed to cure the missed payment and therefore that a Payment Default has occurred. Upon the occurrence of a Payment Default under this paragraph, the Trustee shall be entitled to an order of the Bankruptcy Court (i) determining that all releases given by the Trustee through this Settlement Agreement are deemed void and of no effect, (ii) ordering any portion of the $50,000.00 Settlement Amount paid by the Debtor to be retained by the estate (if previously paid) or immediately payable to the estate (if not previously paid) on just terms as determined by the Bankruptcy Court, (iii) revoking the Debtor's discharge, and (iv) ordering the turnover of non-exempt property. At any time prior to the Bankruptcy Court entering an order granting relief authorized by this Paragraph, the Debtor may cure the Payment Default under



this paragraph by bringing all installment payments current as required by Paragraph 2 of this Agreement, and by paying the Trustee's reasonable fees and costs incurred in exercising his remedies under this paragraph.

7.  <u>Discovery Default</u>.  If, after the execution of this agreement, the Trustee becomes aware of any property which is property of the estate, but which was not otherwise known to the Trustee as of the date of execution of this Agreement, or which was not capable of being discovered by the Trustee through any publically available record as of the date of execution of this Agreement, then the Trustee shall provide written notice to the Debtor of the facts or property so discovered by the Trustee.  The Debtor shall have seven (7) business days from actual receipt of such written notice to provide a written response to the Trustee explaining the facts and circumstances stated in the Trustee's written notice, and proposing a resolution to the Trustee to resolve the Trustee's interest in such property.  If, within fourteen (14) business days after Trustee's receipt of the Debtor's response, the Trustee and the Debtor shall have not entered into a subsequent agreement resolving the matters raised in the Trustee's initial correspondence under this paragraph, then a Discovery Default shall have occurred under this Agreement, and the Trustee shall be entitled to an order of the Bankruptcy Court (i) determining that all releases given by the Trustee through this Settlement Agreement are deemed void and of no effect, (ii) ordering any portion of the $50,000.00 Settlement Amount paid by the Debtor to be retained by the estate (if previously paid) or immediately payable to the estate (if not previously paid) on just terms as determined by the Bankruptcy Court, (iii) revoking the Debtor's discharge, and (iv) ordering the turnover of non-exempt property. The Debtor may defend any such action by the Trustee under this paragraph on the grounds that the Trustee knew or could have known of the existence of such property prior to the execution of



this Agreement.

8. <u>Notices.</u> All written notices to be sent or information to be provided under this Settlement Agreement may be sent via U.S. Mail, facsimile or email to the following:

    a.    <u>Debtor:</u>    Michael L. Schuster, Esq.
Email: mschuster@gjb-law.com
Genovese Joblove & Battista, P.A.
100 S.E. Second Street, 44th Floor
Miami, Florida 33131
Tel: (305) 349-2300
Fax: (305) 349-2310
*Counsel for the Debtor*

    b.    <u>Trustee:</u>    Ross Hartog, Esq.
Email: RHartog@mrthlaw.com
9130 South Dadeland Blvd., Ste 1800
Miami, FL 33156
Tel: (305) 670-5000
Fax: (305) 670-5011
*Counsel for the Trustee*

9. <u>Binding Effect.</u> This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns, including, but not limited to, any successor trustee of the Debtor's bankruptcy estate (or any successor trustee appointed by the Bankruptcy Court).

10. <u>Entire Agreement.</u> This Settlement Agreement constitutes the entire agreement of the Parties hereto as to the subject matter hereof. The undersigned acknowledge that there are no communications or oral understandings contrary, different, or that in any way restrict this Settlement Agreement, and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon the execution and delivery of this Settlement Agreement, superseded, null and void.

11. <u>Amendments.</u> No waiver, modification or amendment of the terms of this



[11047-001/1932570/2]    6

Settlement Agreement shall be valid or binding unless made in writing, signed by the party to be charged and then only to the extent as set forth in such written waiver, modification, or amendment.

12. <u>Counter-Parts.</u> The Parties may execute this Settlement Agreement in whole or counterparts, and execution of counterparts shall have the same force and effect as if the parties had signed the same instrument. Signatures transmitted electronically or by facsimile shall have the same effect as original signatures.

13. <u>Choice of Law.</u> This Settlement Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without regard to its conflict of law principles.

14. <u>Neutral Interpretation.</u> In the event any dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, all of the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

15. <u>Authority.</u> Each Party to this Settlement Agreement warrants and represents that the person signing this Settlement Agreement on its behalf is duly authorized to enter into this Settlement Agreement on behalf of such party. Each Party signing this Settlement Agreement separately acknowledges and represents that this representation and warranty is an essential and material provision of this Settlement Agreement and shall survive execution of this Settlement Agreement.

16. <u>Illegality.</u> Except as otherwise set forth herein, if any clause, provision, or paragraph of this Settlement Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or enforceability shall not affect any other clause,



provision, or paragraph of this Settlement Agreement, and this Settlement Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein.

17.     **Advice of Counsel.** The Parties acknowledge that they had a full opportunity to be represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement Agreement and that they have read this Settlement Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the same, and each Party understands the terms and provisions of this Settlement Agreement and its nature and effect. Each Party further represents that they are entering into this Settlement Agreement freely and voluntarily, and not relying on the representation of any other Party or of counsel for any other Party.

18.     **Acknowledgement.** This Settlement Agreement was executed after arm's length negotiations between the Parties and their respective counsel, and reflects the conclusion of the Parties that this Settlement Agreement is in the best interests of the Parties.

19.     **Divisions and Headings.** The divisions of this Settlement Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Settlement Agreement.

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this Settlement Agreement to be executed as of the date shown above.

**BARRY MUKAMAL,**  
**CHAPTER 7 TRUSTEE**

X_____

**ERIK X. ALONSO,**  
**DEBTOR**

X_____[signature]_____ 4/27/13

# Exhibit "B"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

IN RE:                                          CASE NO.: 12-27568-AJC

ERIK X. ALONSO                                  Chapter 7

_____Debtor./

[PROPOSED]
ORDER GRANTING TRUSTEE'S MOTION TO APPROVE
STIPULATION FOR COMPROMISE AND SETTLEMENT

**THIS CAUSE** came before the Court upon Barry E. Mukamal, *Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets* (the "Motion") (ECF ____). The Court having reviewed the Motion and the Certificate of No Response, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interest of the Estate, and finding that the

notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rule 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, it is

**ORDERED AS FOLLOWS:**

1. The Motion is **GRANTED**.

2. The compromise and settlement is approved on the terms and conditions set forth in the Motion and Settlement Agreement attached to the Motion.

3. The Court incorporates the terms of the Stipulation into this Order and retains jurisdiction to enforce the terms thereof.

# # #

Submitted by:
Ross R. Hartog, Esq.
Markowitz, Ringel, Trusty & Hartog, P.A.
*Counsel to Chapter 7 Trustee*
9130 South Dadeland Boulevard, Suite 1800
Miami, FL 33156
Tel: (305) 670-5000

Copies to:
Ross R. Hartog, Esq.
*(Attorney Hartog is directed to mail a copy of this Order to all interested parties and to file a certificate of service).*